UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FILED '09 FEB 20 14:32USDC-ORP

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-102-MO |
| Plaintiff, | No. CV 08-70019-MO |
| v. | OPINION AND ORDER |
| PABLO EMERANCO ORTEGA, a.k.a. Efraim Barraza, | |
| Defendant. | |

**MOSMAN, J.,**

Defendant, appearing *pro se*, filed a Motion to Vacate (#45) his sentence pursuant to 28

U.S.C. § 2255.  Mr. Ortega argues that: (1) he was denied a reasonable mental health evaluation;

(2) he was denied effective assistance of counsel; and (3) the finding that he was a career

offender for the purposes of sentencing was in error.  For the reasons set forth below, I DENY

the motion.

## BACKGROUND

On April 24, 2007, Mr. Ortega pled guilty (#24) to a superseding indictment charging him

with unarmed bank robbery under 18 U.S.C. 2113(a).  As part of the plea agreement, Mr. Ortega

waived his right to appeal or collaterally attack his conviction or sentence under 28 U.S.C. §

2255, except for claims regarding ineffective assistance of counsel.  (Plea Agreement (#26) ¶ 10.)

PAGE 1 - OPINION AND ORDER

At sentencing, this court found that Mr. Ortega's previous Washington State conviction for Intimidating a Public Servant was a crime of violence. (Pl.'s Resp. (#50) Ex. B at 15.)  As a result, Mr. Ortega was sentenced as a Career Offender. (*Id.*)  On September 4, 2007, Mr. Ortega was sentenced to a 135-month term of imprisonment.

Mr. Ortega appealed the finding that his previous conviction for Intimidating a Public Servant was a crime of violence, making his status a Career Offender. (Def.'s Mot. to Vacate (#45) Ex. C.)  The Ninth Circuit dismissed Mr. Ortega's appeal on March 17, 2008, holding that the appeal waiver was valid. (Pl.'s Resp. (#50) Ex. A.)  Mr. Ortega filed the instant motion on July 30, 2008.

## DISCUSSION

### A.    *Mental Health Evaluation*

Mr. Ortega first argues that he was denied a reliable mental health evaluation.  After he was arrested, booked, and housed at Inverness County Jail for unarmed bank robbery, he was evaluated and diagnosed with depression. (Def.'s Mot. to Vacate (#45) Ex. A at 1.)  Mr. Ortega maintains that he suffers from "Grave[s'] Disease" and was actually "delusional" at the time he committed his offense. (*Id.*)  Plaintiff responds that Mr. Ortega did not raise this issue at either his sentencing or on direct appeal. (Pl.'s Resp. (#50) 2.)

The Ninth Circuit has "consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding." *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (citing *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1995)).  Petitioners waive their right to object in collateral proceedings if they did not raise a proper objection to the district court or on direct

PAGE 2 - OPINION AND ORDER

appeal. *Id.*

Mr. Ortega does not cite any supporting case law, or rationale, why a reliable mental health evaluation is a constitutional right that was violated by the government. Nor does Mr. Ortega challenge the government's contention that he failed to raise this issue before the district court or on direct appeal. Therefore, I decline to vacate Mr. Ortega's sentence on this basis.

### B.    *Ineffective Assistance of Counsel*

Mr. Ortega further argues that he was denied effective assistance of counsel. Mr. Ortega contends that his counsel was aware of his mental disorder, but did not obtain information or seek to have his mental health evaluated. (Def.'s Mot. to Vacate (#45) Ex. B at 1-2.)

Counsel is only required to provide "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel, a plaintiff must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. *Id.* Prejudice exists where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard by which a court reviews counsel's performance is highly deferential, and there is a presumption that counsel rendered adequate assistance falling within the range of acceptable professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994).

Here, as the government notes, Mr. Ortega does not provide any actual evidence that he previously suffered from or was treated for Graves' disease, despite his regular contact with the criminal justice system. Mr. Ortega also underwent a mental health evaluation after his arrest in this case, and was diagnosed with depression. This means that Mr. Ortega's counsel would not

PAGE 3 - OPINION AND ORDER

have had information in the record to inform him of Mr. Ortega's mental state, beyond the noted depression. Mr. Ortega also does not offer any evidence, beyond his opinion, that suggests his counsel ignored his mental state. Therefore, there is no evidence before the court that counsel's performance was deficient.

Further, Mr. Ortega cannot establish that but for his counsel's alleged deficiency, he would have been diagnosed with Graves' disease, leading to a different result than his conviction and sentencing. There is no evidence that Mr. Ortega has ever been diagnosed with anything but depression. Thus, even if his counsel had recommended that he undergo a mental health evaluation, there is no indication that he would be diagnosed with Graves' disease.

Even if Mr. Ortega was diagnosed with Graves' disease, it would not have affected his conviction. There is no evidence in the record that Mr. Ortega was delusional from Graves' disease. Without evidence that he was delusional, Mr. Ortega has not established there was a reasonable probability that his conviction would have been different if his attorney had known of the Graves' disease diagnosis. Moreover, there is no reasonable probability that the diagnosis would have affected his sentencing, his counsel presented mitigating evidence that Mr. Ortega suffered from depression. (Pl.'s Resp. (#50) Ex. B at 15.) An additional mental health issue would have had little incremental effect on Mr. Ortega's already accounted for mental state. Therefore, Mr. Ortega has not established the second prong that his counsel's alleged deficiency has resulted in prejudice.

### C.    *Career Offender Status*

Mr. Ortega argues that he should not have been sentenced with a career offender enhancement based on his prior Washington state conviction for Intimidating a Public Servant.

PAGE 4 - OPINION AND ORDER

(Def.'s Mot. to Vacate (#45) Ex. C at 1-2.)  Mr. Ortega raised this issue directly on appeal to the Ninth Circuit.  (*Id.* at 7.)  The Ninth Circuit dismissed Mr. Ortega's appeal on March 17, 2008.  (Pl.'s Resp. (#50) Ex. A.)  Because the right to appeal this issue was waived, the Ninth Circuit sustained the waiver on direct appeal.  (*Id.*)  Therefore, Mr. Ortega's motion is denied with respect to this claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate or set aside his sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this __19__ day of February, 2009.

MICHAEL W. MOSMAN
United States District Court

PAGE 5 - OPINION AND ORDER